Rosenblatt, J.
(dissenting). I disagree with the Court’s holding that the State has preempted the field. Courts often are called upon to discern whether in a particular case the State has elected to preempt, and where the State has not made its intention clear, difficulties arise. As a result, we have at times concluded that the State has impliedly intended to preempt, even though it did not say so expressly. Here, however, there is not the slightest uncertainty. In the plainest possible terms, Municipal Home Rule Law § 10 (1) (ii) (e) (3) provides that there will be no preemption “unless the legislature expressly shall have prohibited the adoption of such a local law” (emphasis added). Because the legislation flatly says “no,” I cannot accept petitioners’ argument that “no” means “yes” ... or “maybe.”
The effect of Municipal Home Rule Law § 10 is — or, rather, should be — an easily applied rule: Village ordinances superseding the Village Law are valid absent express language in the Village Law precluding supersession. That clear rule should not be judicially abolished or replaced with an amorphous “implied preemption” test, under which village ordinances can be subjected to endless litigation disputing whether a particular regulatory scheme in the Village Law is comprehensive enough to imply state preemption. The parties concede that Village Law § 7-712-b lacks any express prohibition on supersession, but the Court nonetheless forbids supersession, concluding that the Village Law was intended to be exhaustive. This is unwise. Future cases attempting to address an “implied preemption” claim will find answers elusive and debatable. *404 Moreover, villages and their counsel can no longer be confident that an attempted supersession — guaranteed by the Municipal Home Rule Law — will be upheld.
It seems to me that this disorder was precisely the harm the Legislature sought to prevent by enacting Municipal Home Rule Law § 10. Ironically, petitioners argue that implied preemption will minimize confusion over the standards to be used in adjudicating variance applications. To the contrary, implied preemption — in the face of an express preemption statute — unsettles the law of village supersession and creates confusion where the Legislature was clear.
Albany Area Bldrs. Assn. v Town of Guilderland (74 NY2d 372 [1989]) does not aid petitioners. There, we invalidated a local law that required builders to pay for highway construction caused by the increased traffic associated with new developments. In striking down the enactment, we were careful to note that it violated a detailed highway funding scheme reflected not only in the Town Law (identical for present purposes to the Village Law), but, critically, also in the State’s Highway Law. Towns and villages have no authority, in the Municipal Home Rule Law or elsewhere, to supersede provisions of the Highway Law; Municipal Home Rule Law § 10 allows towns and villages to supersede provisions of only the Town Law and Village Law. Albany Area Builders, therefore, does not control a case where, as here, a locality attempts to supersede a state enactment contained entirely within the Village Law.
Kamhi v Town of Yorktown (74 NY2d 423 [1989]), decided the same day as Albany Area Builders, confirms that localities may supersede provisions of the Town Law and Village Law. The Court recognized that Municipal Home Rule Law § 10 allows the type of supersession at issue in that case, noting that a contrary conclusion would “give little force to the independent grants of power specified in the Municipal Home Rule Law and the Statute of Local Governments” (id. at 433).[1] Kamhi did not forbid localities from enacting laws inconsistent with state laws; in fact, it considered the possibility and explicitly accepted inconsistency as basic to the power of supersession. Statewide uniformity (in variance applications and otherwise) may have some virtues, but the Legislature has *405 seen greater virtue in allowing villages to do as they see fit and to act inconsistently unless explicitly prohibited. Petitioners claim that there should be uniformity based on implied preemption. The cogent language in Kamhi rejected that notion by recognizing that “inconsistency is a premise of the supersession authority, for there is otherwise little need of the power to amend or supersede State law” (id. at 430).[2]
The majority relies on Matter of Sasso v Osgood (86 NY2d 374 [1995]) to explain that the Legislature saw a problem with localities applying the “practical difficulties” standard inconsistently. Undisputedly, the Village Law § 7-712-b revision made the “practical difficulties” standard more consistent. But that is not the point. All of the sections in the State’s Village Law create uniformity. Where the Legislature has granted villages the right to act inconsistently, it is erroneous, and circular, to reason that consistency demands implied preemption. Sasso, moreover, was not a preemption or super-session case, and the Court did not say anything that would call into question the authority of local governments to revise Village Law § 7-712-b if they followed the procedures of Municipal Home Rule Law § 10. The Village Law revision, lacking language expressly prohibiting supersession, creates only a default rule: Localities can have the multifactor test of section 7-712-b if they desire, but if they prefer to replace the Village Law test with the abstract “practical difficulties” standard, the Municipal Home Rule Law gives them that option.
Here, after the Villages of North Hills and Saddle Rock properly exercised their supersession authority under Municipal Home Rule Law § 10,1 do not think it is appropriate for us to debate whether the State should allow villages to apply differing standards for adjudicating variance disputes. The State has already given us its answer by enacting an express preemption statute.
It is not as though the State is uncertain when it aims to prohibit supersession. In other instances, the Legislature has put some segments of the Village Law beyond the reach of villages by expressly prohibiting supersession — precisely the action contemplated by Municipal Home Rule Law § 10. Village Law § 5-532, for example, provides in unmistakable clarity, “No local law shall be adopted changing, amending or superseding any of the provisions of this article.” Village Law article *406 5, in turn, regulates the taxation and budgeting powers of villages. If any system of regulation is sufficiently comprehensive as to justify implied preemption, it would be these regulations. And yet the Legislature, recognizing implied preemption as incompatible with the Municipal Home Rule Law, made its prohibition express and unambiguous.
Village Law § 9-916 similarly bars supersession of the Village Law article regulating the referendum process (which would appear to be sufficiently comprehensive to warrant implied preemption under the majority’s analysis), and section 10-1006 (14) prohibits villages from altering the rules governing the membership of volunteer fire companies. Each of these sections repeats the short express prohibition of supersession found in section 5-532. The Legislature obviously knew how to comply with Municipal Home Rule Law § 10’s express prohibition requirement. By choosing not to write an express prohibition in section 7-712-b, the State demonstrated that it did not intend to preempt inconsistent local laws dealing with zoning variances.
Whatever may be said for implied preemption when the Legislature is silent, it has no place where the Legislature has spoken as loudly and clearly as it has here. It has told us in no uncertain terms that express prohibition is necessary to defeat villages’ supersession authority. Because there is no such language here, I would hold that the village laws were not preempted, and I would therefore reverse the orders of the Appellate Division.
Chief Judge Kaye and Judges Smith, Graffeo and Read concur with Judge Ciparick; Judge Rosenblatt dissents and votes to reverse in a separate opinion.
In each case: Order affirmed, with costs.

. Kamhi invalidated the local law, but only on the ground that the locality had not followed the appropriate procedures in attempting what would otherwise have been a valid supersession (see 74 NY2d at 434-435).

. See also id. (“When municipalities act within their supersession authority, even local laws that are inconsistent with the Town Law may be valid.”)